IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01293-WYD

CHANCE EAGLE,

    Applicant,

v.

RENE GARCIA,

    Respondent.

## ORDER

    THIS MATTER is before the Court on Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed June 3, 2009, in which he challenges the Bureau of Prison's ("BOP") determination that he is entitled to only 180 days, as opposed to his requested twelve months, of pre-release residential re-entry placement pursuant to 18 U.S.C. § 3621(b). Respondent filed a preliminary response on July 10, 2009, stating that the affirmative defense of exhaustion of administrative remedies will not be raised in this action because Applicant has exhausted his administrative remedies. An order to show cause issued July 20, 2009, and a response was filed on August 14, 2009.

    I must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se*

litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file and the state court record, I find that an evidentiary hearing is not necessary. For the reasons stated below, the Application will be denied.

By way of background, I note that at the time of the filing of the Application on June 3, 2009, Applicant was incarcerated at the Federal Correctional Institution in Englewood, Colorado serving a 45-month sentence for involuntary manslaughter. While incarcerated, Applicant was evaluated twice for pre-release placement at a residential re-entry center ("RRC"). The BOP determined, pursuant to the factors set forth in 18 U.S.C. § 3621(b), that Applicant required only 150-180 days of pre-release RRC placement and that this time frame was sufficient for Applicant's successful transition and re-entry into the community. Applicant's release date, via good conduct time, is March 9, 2010, and he was scheduled to be released to a RRC on October 14, 2009. According to a status report filed by Respondent on January 14, 2010, Applicant was released to a RRC in Mandan, North Dakota on October 13, 2009. On March 10, 2010, Respondent filed a Notice of Release state that Applicant was, in fact released from the Bureau of Prisons on March 9, 2010, rendering his application moot.

An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Here, Applicant challenges the length of his RRC placement and asserts he was entitled to 12 months, rather than 180 days, of such placement. As an initial matter, I note that the Application appears to be moot. Applicant was released to RRC on October 13, 2009 and was subsequently released from custody on March 9, 2010. Therefore, he is no longer in custody, and it is impossible to grant him additional RRC placement prior to his scheduled release date. In addition, I note that 18 U.S.C. § 3624(c) provides:

> Prerelease custody -
>
> (1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The language of the statute makes clear that pre-release placement is not mandatory, and is within the discretion of the Director of the BOP. That discretion is guided by the factors set forth in 18 U.S.C. § 3621(b). *See e.g. Harrell v. Schultz*, 2009 WL 1586934, at *3 (D.N.J., June 2, 2009) (inmate not entitled to pre-release placement); *Stringer v. Adler*, 2009 WL 1312906, at *3 (E.D. Cal., May 12, 2009) ("there is no presumption that an inmate will serve 12 months in an RRC . . . the BOP retains sole discretion to

determine how much time, if any, up to 12 months an inmate will serve in an RRC"). Although the Application is now moot, I find that there is nothing in the Application that would indicate that the BOP abused its discretion or exceeded its authority in this case.

Therefore, it is hereby

ORDERED that Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed June 3, 2009 is **DENIED AS MOOT** and the action is **DISMISSED WITH PREJUDICE** on the merits. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: March 11, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge